FAIRFAX HOTEL COMPANY, INC., a Domestic Corporation, Appellant, *v.* BERNABE BARRIOS, Respondent.

First Department, April 9, 1920.

**Appeal — action for breach of contract to finance invention — issues not raised at trial cannot be presented on appeal.**

Where in an action to recover sums alleged to be due on an agreement to finance a patented invention the sole issue raised and litigated is as to whether the patentees had been guilty of fraud in inducing the defendant to make the contract and it is conceded that the finding of the jury for the plaintiff is not against the weight of the evidence, the defendant cannot for the first time on appeal raise the issue that the contract itself was unenforcible, which issue was never presented by plea or in any way suggested to the trial court.

APPEAL by the plaintiff, Fairfax Hotel Company, Inc., from a determination of the Appellate Term of the Supreme Court, made on or about the 10th day of April, 1919, reversing a judgment of the City Court of the City of New York in favor of the plaintiff, entered in the office of the clerk of said City Court on the 4th day of November, 1918.

*Bernard I. Kamen,* for the appellant.

*Oscar Wagner* of counsel [*Charles Weishaupt* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover the sum of $1,200 on an assigned claim from Hubert Georgin and Arthur Lambert for payments of $300 due to each of them, on December 1, 1917, and on January 1, 1918, under an agreement in writing between them and the defendant. The complaint alleges that in consideration of the invention by said Georgin and Lambert of a process for the manufacture of soda products and an agreement on their part to assist in the exploitation of said process in a company to be thereafter organized, the defendant agreed to finance the said proposed company and, until sufficient capital had been raised, to pay to said Georgin and Lambert the sum of $300 each on the 10th day of August, 1917, and the same sums on the first day of each and every month thereafter. It is further alleged that at none of the times mentioned in the complaint had the defendant financed the said company or raised sufficient capital for the exploitation of the aforesaid process of manufacture and that he was, therefore, obligated by virtue of the agreement to pay to each of said parties the sum of $300 on December 1, 1917, and on January 1, 1918. It is further alleged that the said Georgin and Lambert had duly performed and complied with all the conditions of the said agreement on their part to be performed or complied with.

The answer admits the making of an agreement in writing but denies practically all the other allegations of the complaint. For a separate and distinct defense it is alleged that the said Georgin and Lambert induced the making of the agreement in question by false and fraudulent representations which are set forth at length in the separate defense.

Upon the trial of the action the sole question litigated was that of the alleged fraud of Georgin and Lambert. The court in its charge to the jury submitted to them as the sole question for their determination whether plaintiff was entitled to recover the full amount claimed by reason of the assignment to it of the claims of Georgin and Lambert for the two monthly payments under the agreement, or whether the defendant was entitled to a verdict in his favor because of the fraudulent misrepresentations made by them as to the ownership of the option and the possession and ownership of a

certain United States patent. No other issue was suggested by the defendant, either by exception, or by any request to charge, or by an intimation that any other or further issue was involved in the trial. At the close of the plaintiff's case the defendant's counsel said: " I think they have made a *prima facie* case. I don't think I will waste any time making a motion to dismiss." At the close of the defendant's case a motion to dismiss the defense of fraud was made and denied. At the close of the whole case, plaintiff's counsel moved for the direction of a verdict upon the ground that there had been no proof of fraud, and that motion was denied. No motion for the direction of a verdict was made by the defendant's counsel. The jury found in favor of the plaintiff. Upon appeal to the learned Appellate Term the judgment was reversed although the court said in its opinion: " The issues raised by the separate defense were submitted to the jury and we do not find that the judgment in favor of the plaintiff on these issues is against the weight of evidence." That court, however, reversed the judgment and ordered a new trial, upon the ground that the contract itself was unenforcible. It is sufficient to say in response to the ground assigned, that such an issue never was presented either by the pleadings or upon the trial of the action. The sole issue raised and the sole question litigated was whether Georgin and Lambert had been guilty of fraud in inducing the making of the contract in question by the defendant. Concededly, the finding of the jury in favor of the plaintiff was not against the weight of the evidence.

It is too late to raise for the first time upon appeal an issue by way of defense, which has not been properly presented by plea and which has never even been suggested to the trial court. Orderly procedure in the administration of justice requires that the issues which the parties desire to litigate shall be tried out and it would be both unwise and unfair to permit an issue to be presented for the first time in an appellate court. For this reason I do not discuss the answer which upon the facts exists to the reasons assigned by the learned Appellate Term for its action, but prefer to assign the ground that the issue of unenforcibility of the contract was not raised in an appropriate manner or at the proper time.

The determination appealed from should, therefore, be reversed, with costs to the appellant, and the judgment and order of the City Court reinstated.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur.

Determination reversed, with costs in this court and in the Appellate Term, and the judgment and order of the City Court reinstated.